## HAMMOND BUCKLE CO. v. GOODYEAR RUBBER CO.

*(Circuit Court, D. Connecticut. February 13, 1892.)*

PATENTS FOR INVENTIONS—INFRINGEMENT—PRELIMINARY INJUNCTION.
When there are grave doubts as to whether there is an infringement, and a prompt final hearing is assured, a preliminary injunction will be denied.

In Equity. Suit by the Hammond Buckle Company against the Goodyear Rubber Company for infringement of a patent shoe buckle. Heard on motion for a preliminary injunction. Injunction refused.

*George W. Hey*, for plaintiff.

*C. H. Duell*, for defendant.

SHIPMAN, District Judge. This bill in equity is to prevent the alleged infringement of letters patent No. 301,884, dated July 15, 1884, issued to Theodore E. King and Joseph C. Hammond, Jr., for a shoe clasp. The present hearing was upon a motion for a temporary injunction. The clasp of the patent was described and the patent was construed in the opinion of this court in *Buckle Co.* v. *Hathaway*, 48 Fed. Rep. 305, and in a subsequent decision of this court upon a motion for rehearing in the same cause. 48 Fed. Rep. 834. The buckle of the defendant is made under letters patent No. 418,924, dated January 7, 1890, to John Nase, and consists of two plates, firmly riveted together at the forward end, and free at the other end. The upper plate is bifurcated at its rear end, so as to form rearwardly extending arms. "The tongue is provided with flattened, laterally projecting pivots, which are journaled in angular flanged bearings, formed by bending the ends of the

lower plate upward at right angles, and the upper plate is cut through or slotted in each of the rearward extensions, permitting the upwardly extending ends or lips of the lower plate to project through the slots." The pivots of the tongue pry apart the two leaves of the tongue-plate in opening the clasp, and the upward projections of the under plate are and must be long enough to be retained in the slots in the upper plate when the clasp is opened, so that the tongue shall not slip out from the tongue-plate. When the tongue engages with the catch-plate, the latter is pulled over the bifurcated extensions of the upper plate, and rests upon the upwardly projecting ends of the lower plate, which constitute one side of the bearings in which the tongue is pivoted. These projections support the catch-plate when strain is applied by the pull of the tongue upon it. The bifurcated extensions of the double-leaved tongue-plate of the patented buckle were for the purpose "of forming supports, upon which the catch-plate is drawn as the tongue is closed, and which prevent the catch-plate from changing its position." The plaintiff and its experts think that each plate of the defendant's buckle extends rearwardly beyond the pivots, and that both plates form the supports which are described in the patent. It is not clear to me that the arms of the lower plate extend rearwardly of the pivot in the sense in which that language is used in the patent. The ends of the lower plate form the bearings for the tongue, and are turned upward at right angles; and it does not seem to me, though I do not assert it positively, that the rearward extension beyond the pivot of the lower plate of the patented buckle exists in the defendant's buckle, as contemplated in the patent, though it may nominally exist.

Upon the question of infringement, it is to be premised that the arctic buckle patents and the modifications of the same general type of clasp buckles are so numerous that the scope of each patented improvement must be a narrow one, and differences in construction which are apparently slight may make patentable differences. It has been heretofore held upon this patent that the mere facts that the upper plate of an alleged infringing buckle is a spring-plate, and that the lower plate does not extend rearwardly of the pivot, do not prevent infringement, provided the bifurcated upper plate extends on both sides of the tongue rearward, to afford a bearing surface for the catch-plate.

The defendant's buckle has an additional peculiarity of construction. If the suggestion which has been made is correct, the lower plate does not extend rearwardly of the pivot, and the catch-plate rests upon its upturned ends, whereas the catch-plate of buckle, D, in the *Hathaway Case*, rested directly upon, and was supported by, the upper plate. In this buckle the catch-plate is directly supported by the upwardly projecting sides of the bearings in which the tongue is journaled. The position of the defendant is that it is not indirectly supported by the upper plate, but that the extensions of that plate are for the purpose of protecting or walling in the upturned ends of the under plate, so that they shall not be drawn away, and thus permit the pivots of the tongue to slip out from their bearings.

I do not decide that there is no infringement, but I think there are such doubts in regard to the question that a temporary injunction should not be granted, especially as assurances were given that a prompt final hearing can be had. The case is in such narrow limits that these assurances can be fully carried out.